Eula Pearl HARDWICK, alias Austin, alias Williams, alias Grant, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13477.

Court of Criminal Appeals of Oklahoma.

June 24, 1964.

Melvin G. Mahannah, Lawton, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge:

Under date of January 30, 1964 the plaintiff in error filed in this Court petition in error, to which was attached what was styled "transcript of the testimony."

It was alleged in the petition in error that the plaintiff in error, hereinafter referred to as defendant, was on September 17, 1963 convicted in the district court of Comanche County on a charge of arson, and sentenced to three years in the State Penitentiary.

Thereafter the Attorney General filed a motion to dismiss the attempted appeal, stating as grounds therefor that the petition in error failed to allege that a motion for new trial was made to the trial court, and/or that such motion was by the court overruled; that the purported appeal by "transcript of testimony" is a procedure unknown to and unauthorized by Oklahoma law; that the transcript of the testimony attached to the petition in error wholly fails and is insufficient to support the prayer for relief, in that the same does not contain a copy of the judgment and sentence from which the attempted appeal was taken; and that the transcript of the testimony is not certified by either the court clerk or the trial judge.

This case was assigned for oral argument on the motion to dismiss for June 17, 1963, and on that date the defendant filed her verified motion to dismiss, thereby conceding that the motion of the State was well taken.

It is fundamental law that an appeal to the Court of Criminal Appeals may be taken by a defendant as a matter of constitutional right from any judgment of conviction rendered against him in a court of record, but the statutes regulate the time and manner of exercising that right, and the appeal must be taken in the manner prescribed.

This defendant having failed to comply with the provisions of the statutes regulating appeals, the Court finds that the motion of the defendant in effect concedes that the motion of the State is well taken, and the attempted appeal is, accordingly, dismissed.

NIX, J., concurs.

BUSSEY, J., not participating.